UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GLEN SPRINGER                                                                                          PLAINTIFF

v.                                         Civil No. 6:15-cv-06026-PKH-BAB

CORPORAL BENJAMIN DALE CAPLE,                                            DEFENDANTS
WARDEN D. REED, and DEPUTY
ASSISTANT WARDEN GARY A.
MUSSELWHITE

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Glen Springer, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P. K. Holmes, III, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. ECF No. 47. A hearing was held on September 21, 2016, to allow the Plaintiff to give a sworn oral statement in response to the Motion.[1] ECF No. 51. After careful consideration of the briefing and sworn statement of the Plaintiff, the undersigned makes the following Report and Recommendation.

### 1. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit. His Complaint centers on an incident at that same unit. Plaintiff alleges he was ordered to carry a box of sheets down a flight of stairs by an unidentified officer on February 3, 2015, and fell down the stairs while doing so. He alleges his lower left leg was partially

---

[1] As this was a sworn oral response to a Motion for Summary Judgment the Court did not allow cross examination of Plaintiff.

paralyzed at the time and he showed the officer the orthotic brace on his leg. He also told the officer he had a work script limiting his work, which excused him from bending, stooping, and lifting heavy items. He alleges the officer still ordered him to carry the box. He and another inmate lifted the box and began to carry it down the stairs. He alleges he lost his footing and started to fall, at which point he told the other inmate he was about to fall and the other inmate got himself and the box clear. ECF No. 3, p. 5-7. He alleges this officer's "negligence and incompetence" caused his accident, and the senior officers who witnessed the accident were also negligent for failing to correct the officer's behavior. ECF No. 3, p. 5, 7. In a Supplement to his Complaint, Plaintiff alleges he has a prior gunshot wound which causes twinges throughout his entire body. He alleges that since falling down the stairs, his twinges have become more frequent and painful, and the pain wakes him up every night. ECF No. 31, p. 1.

Defendants filed their Summary Judgment Motion on August 12, 2016. ECF No. 47. Plaintiff appeared by videoconference and gave a sworn statement in response to the Summary Judgment Motion on September 21, 2016. ECF No. 51.

Plaintiff filed a document entitled Amended Information of Material Facts on November 14, 2016. ECF No. 52. This document details problems with his left shoulder, and appears to be attempting to add a claim of inadequate medical care to his Complaint. Defendants did not respond. As it was untimely filed after the summary judgment hearing and appears to add a claim to the complaint, it will not be considered by the Court in this case.

At the hearing, Plaintiff testified Caple came into the barracks and yelled for everyone to come and carry boxes. Plaintiff raised his pant leg and showed him his brace. He told him he had a bad leg and foot. Caple said he didn't care, carry the box. Plaintiff testified he stumbled and fell

while carrying the box. He hurt his ankle and left forearm and elbow. He severely twisted the ankle. Staff brought a wheelchair and took x-rays. He was given pain medication, but does not remember what kind. He agreed he was probably given Tylenol.

Plaintiff testified his left side is paralyzed, so having his right ankle sprained was difficult. It took him about a month and a half for the ankle to get better. His elbow and forearm were just sore, like his ankle.

Plaintiff testified he did not think he filed a grievance concerning this incident. He stated another inmate had advised him to file this lawsuit. He testified he thought he had filed grievances before, but could not recall for certain. He further testified he was not aware that he needed to file a grievance for this incident because "it had happened, it was an accident. I didn't know I needed to" file a grievance. He testified he knew the grievance policy existed.

Plaintiff testified the officers were negligent because he showed the officer his brace and he still ordered me to carry the box. He felt this was gross negligence.

Plaintiff then testified as to his claims concerning Defendants Reed and Musselwhite. He stated Reed is the Warden. He is therefore over Caple, and should train his employees better than that. He testified Warden Reed was not present when he was injured, and he had no contact with him over the incident. He testified Musselwhite is an Assistant Warden. He should have had his employees better trained. He testified Musselwhite was not present when he was injured, and he had no contact with him over the incident.

Plaintiff testified his work script assigns him to building utility, which means he does not have to do anything. He has the script due to leg and shoulder injuries. He also has a bottom bunk script. He testified he had a script against working.

Defense counsel was given an opportunity to respond. Counsel relied on the written pleadings and briefs, but noted Plaintiff had filed grievances prior to this incident and referenced filed documents as proof.

Plaintiff asked if it would be possible to put a hold on this case so that he could file a grievance concerning the incident and go through the proper procedure. The Court denied this request as the case has already been filed.

**2.      LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### 3.  DISCUSSION

Defendants argue summary judgment in their favor is appropriate on the following grounds: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff has alleged only negligence; (3) *respondeat superior* is not a viable legal theory under §1983; and (4) sovereign and qualified immunities apply.  ECF No. 49, pp. 3-10.

Plaintiff's testimony at the hearing confirmed he did not exhaust his administrative remedies.  The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before and inmate files suit.  Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances."  *Id.* at 219.  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Id.* at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*

Defendants provided evidence showing Plaintiff did not file or exhaust any grievances concerning this incident prior to filing this lawsuit on March 12, 2015.  ECF Nos. 47-2, 47-3. Defendants also provided documentation that Plaintiff had filed and successfully exhausted other

grievances. ECF Nos. 47-2, 47-3. Plaintiff testified he did not think he had filed a grievance for this incident. He further testified he did not think a grievance was necessary because the incident was an accident. He confirmed that he thought he had filed grievances on other issues. Plaintiff testified he filed this lawsuit based on the advice of another inmate. Plaintiff did not testify or provide any evidence that he was prevented from filing a grievance concerning this incident or that ADC officials failed to comply with the grievance procedures. Finally, at the end of the hearing, Plaintiff asked if this case could be put on hold so that he could cure his failure to file a grievance.

Based on Plaintiff's testimony and the evidence provided by Defendants, there is no material fact in dispute that Plaintiff failed to exhaust his administrative remedies for this incident prior to filing this lawsuit. Nor does his testimony that he did not think he needed to file a grievance for an accident, or that he filed the lawsuit based on advice from another inmate provide any basis for an exhaustion exception. *See Gibson v. Weber,* 431 F.3d 339, 340 (8th Cir. 2005) *(*incorrect advice from medical staff and officers that medical complaints should be done informally and not to the prison administration under its grievance procedure did not excuse failure to exhaust); *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (the court should not consider the inmate's subjective beliefs, logical or otherwise, in determining whether administrative procedures are available); *Hahn v. Armstrong*, 407 Fed. App'x. 77, 79 (8th Cir. 2011) (poor legal advice is not a recognized basis for an exhaustion exception).

Defendants correctly point out Plaintiff alleged only negligence regarding this incident. To prevail on an Eighth Amendment claim, Plaintiff must satisfy a two prong test: (1) show he was "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner,* 663 F.3d

336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right. *Id.* The second, however, is subjective requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id. (quoting Farmers,* 511 U.S. at 837). Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted).

 Deliberate indifference in the work assignment context requires that prison officials knew of an inmate's serious medical need and compelled him "to perform physical labor that [is] beyond his strength, dangerous to his health, or unduly painful." *Mays v. Rhodes*, 255 F.3d 644, 649 (8th Cir. 2001). Plaintiff's allegation he was forced to work in violation of his work limitation script could, arguably, fit this standard. However, Plaintiff's testimony and allegations do not provide sufficient support for this claim. Plaintiff's allegations and sworn statement about what he actually did are internally inconsistent. In his Complaint, he alleges he picked up one end of the box and another inmate picked up another end. In his testimony he states he picked up the box; there is no mention of another inmate. Although Plaintiff testified his work limitation script on building utility meant he was excused from all work, Plaintiff did not provide copies of that work script. He did not testify he was limited in his ability to lift any particular weight or walk up and down staircases. Plaintiff did not testify or allege it was difficult to pick up the box, it hurt him to pick up the box, or that he suffered pain from walking down the steps with it. The undisputed facts are Plaintiff stumbled. When he stumbled, he had sufficient time, balance, and breath to warn the other inmate he was about to fall, indicating the task was not far beyond his strength. Plaintiff testified he told Caple the task violated his work script, but he did not indicate he told Caple how

7

it was dangerous to his health to perform this task on a single occasion. *See e.g. Green v. Dawson*, No. 2:13CV00050-SWW-JTK, 2014 WL 3349461, at *6 (E.D. Ark. July 8, 2014) (when inmate had a work limitation script indicating very little use of hands due to a gunshot injury, a one-time requirement of washing pots and pans did not support a finding that the officer knowingly compelled him to perform a task she knew could hurt him or result in injury). Importantly, Plaintiff himself characterized this incident as an accident, and as negligence. Based on the summary judgement evidence before the Court, there is no material issue of fact regarding Caple's actions, and those actions do not rise to the level of an Eighth Amendment violation.

Plaintiff also failed to provide summary judgment evidence that he suffered anything more than *de minimis* injuries from his fall. "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) The most commonly used definition of a *de minimis* injury was enunciated in *Luong. v. Hatt*, 979 F. Supp. 481, 486 (N.D. Texas Sept. 11, 1997). In analyzing an Eighth Amendment failure to protect claim, the court first noted that *Siglar v. Hightower*, 112 F.3d 191 (5th Cir 1997) provided no definition of a physical injury or a *de minimis* injury pursuant to 1997e(e). *Id.* at 486. It then stated that a physical injury is:

> an observable or diagnosable medical condition requiring treatment by a medical professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc. which lasts even up to two or three weeks.. . . Injuries treatable at home  [by a free world citizen]  and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e). . .

*Id.*; *See also Perez v. United States*, 330 Fed. App'x. 388, 389 (3d Cir. 2009) and *Jarriett v. Wilson*, 162 Fed. App'x. 394, 401 (6th Cir. 2005) (using the *Luong* test).

The Ninth Circuit found the *Luong* test required "too much," but also held that "any injury" is "too little" as an injury requirement. *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir 2002.) In this

8

case, back and leg pain caused from overcrowded cell conditions, undescribed physical injuries from a fight in the cell, and a canker sore were not more than *de minimis*. *Id.* at 629.

Plaintiff testified he suffered a severely sprained ankle, as well as a sore arm and elbow from the fall. He testified he received x-rays and some pain medication, probably Tylenol. He further testified he was sore for about a month and a half before he healed. Defendants provided the medical record for Plaintiff's incident. The evidence submitted in the form of treatment notes of the Plaintiff, indicate prison employees were called to bring a wheelchair for an inmate who had fallen down stairs. When they arrived the inmate was "found sitting on the floor eating a sandwich, alert and orient x 4, with [complaints] of left elbow and right ankle pain." ECF No. 47-4, p. 5. The examination notes state he denied any head pain. There was redness noted on the left elbow. He had full range of motion with no swelling or deformity noted. Swelling and redness were noted on the right ankle. The patient rated his pain as four on a scale of ten. His ankle was wrapped with an ace bandage, he was given acetaminophen and an ice pack, and told to follow up with a sick call if not better in three to four days. ECF No. 47-4, p. 5. Plaintiff does not allege he needed additional medical treatment and there is no evidence in the record of a follow-up sick call. Thus, there is no material issue of fact that Plaintiff suffered only minor injuries which were treated with over-the-counter pain medication, an ice pack, and an ace bandage. These were therefore *de minimis* injuries. To the extent Plaintiff alleged he suffered increased twinges from his old gunshot wound after the fall, he provided no objectively verifiable medical evidence of this.

Defendants are entitled to judgment in their favor. In view of this, the Court need not address the Defendants' other arguments in favor of summary judgment.

**4.     CONCLUSION**

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (ECF No. 51) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 25th day of January 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE